[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS #101 I FACTS
On June 25, 2002, the plaintiffs, Joseph Thetreault and Rosalie Thetreault, filed a five count complaint against the defendants, Donald Wolford and the town of Canterbury (the town), arising out of Wolford's use of his property in Canterbury. The first four counts of the complaint are against Wolford and allege a violation of the town's zoning regulations, public nuisance, private nuisance and unreasonable pollution in violation of the Connecticut Environmental Protection Act (CEPA), General Statutes § 22a-16.[1] The last count is against the town and alleges unreasonable pollution in violation of CEPA.
Specifically, the complaint alleges that Wolford, who owns property located at 341 Westminster Road in Canterbury, which is surrounded entirely by the plaintiffs' property, has used his property for storing various pieces of equipment and machinery including lawn mowers, motor vehicles, oil drums and lead acid batteries. According to the complaint, the town has, on at least four occasions, issued cease and desist orders against Wolford for this use of his property in violation of the town's zoning regulations.[2] The last count of the complaint alleges that the town's refusal to enforce its zoning regulations and knowing permittal of Wolford's use of the property violates the unreasonable pollution provision of CEPA.
On August 14, 2002, the town filed a motion to dismiss for lack of subject matter jurisdiction on the grounds that it is immune under the facts of the case and that the plaintiffs have failed to exhaust their adequate remedy at law. The town filed a memorandum of law in support of its motion. On August 27, 2002, the plaintiffs filed a memorandum in opposition to the town's motion to dismiss. The town filed a reply on September 20, 2002. CT Page 15435
 II DISCUSSION
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction.' (Internal quotation marks omitted.) Blumenthal v. Barnes, 261 Conn. 434, 442, 804 A.2d 152 (2002). "A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse Diesel International,Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002).
 A GOVERNMENTAL IMMUNITY
The town argues that its motion to dismiss should be granted because, as a municipality, it is immune from suit. While the doctrine of sovereign immunity is properly raised by a motion to dismiss, "a suit against a municipality is not a suit against the sovereign. Sovereign immunity and municipal immunity are distinct though related concepts."Limoncelli v. Lombardi, Superior Court, judicial district of Danbury, Docket No. CV 00 0339881 (May 2, 2002, Radcliffe, J.), citing Martinezv. Department of Public Safety, 258 Conn. 680, 689-90, 784 A.2d 37
(2001).
"At common law, municipalities enjoy governmental immunity in certain circumstances." Limoncelli v. Lombardi, supra, Superior Court, Docket No. CV 00 0339881. "[G]overnmental immunity must be raised as a special defense in the defendant's pleadings. . . . Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded [under Practice Book § 10-50]. . . . The purpose of requiring affirmative pleading is to apprise the court and the opposing party of the issues to be tried and to prevent concealment of the issues until the trial is underway." (Citations omitted; internal quotation marks omitted.) Westport Taxi Service, Inc. v. Westport Transit District,235 Conn. 1, 24, 664 A.2d 719 (1995). "Governmental immunity does not impact a court's subject matter jurisdiction but is in the nature of an affirmative defense which is properly raised by way of a special defense."Limoncelli v. Lombardi, supra, Superior Court, Docket No. CV 00 0339881.
Accordingly, the town's motion to dismiss on the ground of governmental immunity is denied.
 B EXHAUSTION
CT Page 15436
The town also moves to dismiss the count brought against it on the ground that the plaintiffs failed to exhaust their adequate remedy at law. In its memorandum of law in support of its motion and reply to the plaintiffs' opposition, the town argues that because the plaintiffs have an adequate remedy in court, namely, their ability to bring their own lawsuit to enforce the zoning regulations, the court should grant its motion to dismiss.
"Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed. (Citation omitted.) Drumm v. Brown, 245 Conn. 657, 676, 716 A.2d 50
(1998). Not all issues shielded under the larger umbrella of exhaustion, however, invoke the jurisdictional question required for a motion to dismiss. See, e.g., Id., (finding that exhaustion of tribal remedies doctrine is not jurisdictional, and, therefore, does not mandate dismissal).
Here, the town does not seek dismissal pursuant to the exhaustion of administrative remedies doctrine. Rather, it argues that the plaintiffs have failed to exhaust "their adequate remedy at law." The town has failed to cite any authority to support its argument that this type of exhaustion invokes the issue of subject matter jurisdiction. Moreover, the court finds no authority to support the town's contention that a failure to exhaust an adequate remedy in court, implicates the court's subject matter jurisdiction or that a motion to dismiss is the proper vehicle to raise such an issue. Accordingly, the motion to dismiss on the ground of failure to exhaust an adequate remedy at law is denied.
Foley, J.